## STATE ex rel. HARMON *v.* SUPERINTENDENT, MARYLAND STATE REFORMATORY FOR MALES

[H. C. No. 29, October Term, 1948.]

*Decided April 27, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

Charles Harmon, who was sentenced by the Criminal Court of Baltimore to the Maryland State Reformatory for Males, applies here for leave to appeal from a refusal of a writ of habeas corpus.

Petitioner alleges that he was arrested in one of the parks of Baltimore for improper conduct in violation of a rule of the Board of Park Commissioners, for which the penalty was a fine of not more than $50; but that when the park police arrived, the complaining witness declared that he had been robbed. Petitioner further alleges that he was taken to the Northern Police Station, and after a preliminary hearing was held for the action of the grand jury. He was indicted for robbery, and on June 3, 1948, was found guilty of that crime by the Crimnal Court and sentenced to serve not more than two years in the Reformatory for Males.

In his first application for habeas corpus before Judge Warnken, petitioner urged particularly that the statute, Code 1939, art. 27, sec. 557, provides that every person convicted of the crime of robbery shall be sentenced to the Penitentiary, and that the Criminal Court had no authority to commit him to the Reformatory for Males. The Legislature of Maryland, however, has expressly provided that the Maryland State Reformatory for Males shall be a place of confinement and training for male offenders from 16 to 25 years of age, and that the Courts of this State, instead of imposing sentences of fixed duration in other institutions upon such offenders, may, in

their discretion, sentence them to that Reformatory for an indetermined period of time, which shall not exceed the maximum term of imprisonment provided by statute for the offense of which said person was convicted. Laws of 1947, ch. 924, Code Supp. 1947, art. 27, sec. 758. Petitioner was 16 years old at the time of his trial. Therefore, the Court had statutory authority to commit him to the Reformatory.

After Judge Warnken refused to order petitioner's discharge, petitioner applied to Judge Sayler for a writ of habeas corpus, but he denied the writ without a hearing. It was urged by petitioner's attorney that the second petition contained additional grounds which deserve consideration.

Petitioner complains that there was no evidence that he was guilty of robbery, and that he was arrested without a warrant. He also claims that the indictment for robbery was defective because it did not allege clearly what property was taken by him, and also because some names were erased and new names substituted on the indictment. Even if petitioner had been unlawfully arrested, that fact did not entitle him to escape from punishment, following lawful indictment, trial and conviction, so as to entitle him to release on writ of habeas corpus. *Bowie v. Warden of Maryland Penitentiary*, 190 Md. 728, 60 A. 2d 185. Furthermore, the writ of habeas corpus cannot be made, except by statute, to perform functions of a writ of error in bringing under review a judgment of conviction simply for errors or irregularities in the proceedings. An imprisonment under a sentence by a court of competent jurisdiction is not unlawful unless the sentence is an absolute nullity. *Olewiler v. Brady*, 185 Md. 341, 44 A. 2d 807.

Petitioner asserts also that he seeks the writ of habeas corpus as a means of calling Judge Niles, who presided at the trial in the Criminal Court, to explain how he obtained possession of petitioner's record as a juvenile offender. The Juvenile Causes Act provides: "No adjudication by the Judge upon the status of any child shall

operate to impose any civil disabilities, nor shall any child be deemed a criminal by reason of such adjudication. The proceedings with reference to a child or any evidence given before the Judge shall not be admissible as evidence against the child in any case of proceedings in any other court." Laws of 1945, ch. 797, Code Supp. 1947, art. 26, sec. 48K. Petitioner admits that no evidence was admitted in the Criminal Court as to his record as a juvenile offender. Habeas corpus cannot be used to gratify the curiosity of a prisoner as to whether the judge who convicted him was aware of his record as a juvenile offender. The writ in this case is asked only as a means of discovery, and not to determine whether the judge may consider such proceedings in arriving at a sentence.

*Application denied, without costs.*